LAUBER v. LINCH.

(Supreme Court, Appellate Term. November 30, 1909.)

STREET RAILROADS (§ 78*)—INJURIES—PERSONS LIABLE.

Though, at the time of a street railway accident, title to the property of the company was in a receiver, he cannot be held liable, where the road was then being operated by another company and he did not assume charge until thereafter, since it is not a question of who had title to the property, but of who controlled the motorman whose negligence caused the accident.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 78.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Moses Lauber against George W. Linch, as receiver of the Second Avenue Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Anthony J. Ernest, for appellant.
Abraham Greenberg, for respondent.

LEHMAN, J. The plaintiff was injured on the 15th day of October by a trolley car on the Second Avenue line. The only question in this case was whether or not the car was being operated by the defendant or his servant. It appears that the defendant was appointed and qualified as receiver of the Second Avenue line in September, and therefore at the time of the accident the title to all the property of the company

was in him; but it also appears by affirmative testimony that the defendant started to operate the road only at midnight on November 12th, and the Metropolitan Company was operating the road on October 15th. Since the defendant is liable only for the negligence of his own servants, if he was not operating the road at the time of the accident, the fact that the title of the road had vested in him before that time is immaterial. The negligence of the trolley driver is imputed to the person who had general control of his acts and who employed him, and it is not imputed to the owner of the road. It is not a question of who controlled the road, but of who controlled the driver whose negligence caused the accident.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.